# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TONY ALLEN HARDESTY, JR.,

    Plaintiff,

    v.                              CASE NO. 19-3120-SAC

(FNU) FAY, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3). On August 30, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4), granting Plaintiff until September 27, 2019, in which to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 5) to the MOSC.

Plaintiff alleges in his Compliant that he covered the window in his cell with paper while he was using the restroom. Plaintiff alleges that Defendant Fay did not say anything or give Plaintiff a warning before coming with five or six more COs to Plaintiff's cell and pulling a pepper ball gun on Plaintiff with it "ready to discharge." (Doc. 1, at 2.) Plaintiff felt threatened because he didn't know what was going to happen, so Plaintiff told Fay that Plaintiff was "going to knock him on his ass if he shoots me for no reason with no warning." (Doc. 1, at 6.) Plaintiff alleges that Fay "almost discharged" the pepper gun, and Plaintiff was upset that it was "brought to his door." *Id.* at 3, 6. Corporal McManigal told Plaintiff that Fay told him that he asked

1

Plaintiff to remove whatever was in Plaintiff's window. Plaintiff alleges that Deputy Fay gave a false statement, committed perjury and should be fired.

Plaintiff names as defendants: Deputy Fay; Corporal McManigal; and the SCJ. Plaintiff seeks damages in the amount of $400,000, transfer to a different jail, and Fay's termination.

In the MOSC, the Court found that Plaintiff's claims against the SCJ are subject to dismissal because Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). The Court dismisses the SCJ as a defendant.

The Court also found that Plaintiff failed to allege a constitutional violation. He alleges that Defendant Fay almost discharged a pepper gun on Plaintiff and then gave a false statement to Defendant McManigal regarding the incident. Plaintiff failed to allege how these actions violated his constitutional rights. The Court found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Also, to the extent Plaintiff seeks Fay's termination in his request for relief, the Court is

without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

    In his Response, Plaintiff now alleges that when the COs came to his cell door he got into a verbal altercation with them and he punched the cell window, cracking it. Plaintiff alleges that Deputy Fay then fired his tazer, hitting Plaintiff in the left side of his waist. Plaintiff alleges that his cell door was closed and he was tazed through the open tray slot. Plaintiff alleges that

Defendant Fay used excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Plaintiff has failed to state a claim against Defendant McManigal and the Court find that any claims against Defendant McManigal should be dismissed. The Court finds that the proper processing of Plaintiff's Eighth Amendment claims against Defendant Fay cannot be achieved without additional information from appropriate officials of the SCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the SCJ to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims against Defendant Saline County Jail and Defendant McManigal are **dismissed.**

**IT IS FURTHER ORDERED** that**:**

    (1)    the clerk of the court shall prepare waiver of service forms for Defendant Fay, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon Defendant at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed thirty (30) days after the *Martinez* report is filed.

    (2)    Officials responsible for the operation of the SCJ are directed to undertake a review of the subject matter of the Complaint and Response (Doc. 5) ("Complaint"):

        a.    To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The SCJ must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Saline County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Saline County Attorney.

**IT IS SO ORDERED**.

**Dated October 2, 2019, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**