# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TONY ALLEN HARDESTY, JR.,

    **Plaintiff,**

    v.                               CASE NO. 19-3120-SAC

(FNU) FAY,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was housed at the Saline County Jail in Salina, Kansas ("SCJ"). On December 18, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 10) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 11).

In his Complaint, Plaintiff alleged that around June 1, 2019, he covered the window in his cell with paper while he was using the restroom. Plaintiff alleges that Defendant Fay did not say anything or give Plaintiff a warning before coming with five or six more COs to Plaintiff's cell and pulling a pepper ball gun on Plaintiff with it "ready to discharge." (Doc. 1, at 2.) Plaintiff felt threatened because he didn't know what was going to happen, so Plaintiff told Fay that Plaintiff was "going to knock him on his ass if he shoots me for no reason with no warning." (Doc. 1, at 6.) Plaintiff alleged that Fay "almost discharged" the pepper gun, and Plaintiff was upset that it was "brought to his door." *Id*. at 3, 6. Corporal McManigal told Plaintiff that Fay told him that he asked Plaintiff to remove whatever was in Plaintiff's window. Plaintiff alleged that Deputy Fay gave a false statement, committed perjury and should be fired.

1

The Court ordered Plaintiff to show cause why this excessive force claim should not be dismissed for failure to allege how these actions violated his constitutional rights. (Doc. 4, at 4.) The Court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff failed to allege a physical injury. *Id*. at 5. In response to the Court's order to show cause, Plaintiff alleged that when the COs came to his cell door he got into a verbal altercation with them and he punched the cell window, cracking it. Plaintiff alleges that Deputy Fay then fired his tazer, hitting Plaintiff in the left side of his waist. Plaintiff alleges that his cell door was closed and he was tazed through the open tray slot. The Court then ordered officials of the SCJ to prepare and file a *Martinez* Report, noting that once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915. At the direction of the Court, counsel for the SCJ filed a *Martinez* Report (Doc. 9).

The Court's MOSC sets forth the details of the *Martinez* Report. (Doc. 10, at 6–8.) The Court found in the MOSC that Plaintiff's excessive force claim against Defendant Fay was subject to dismissal, and granted Plaintiff an opportunity to respond to the *Martinez* Report and to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

Plaintiff's Response fails to address the deficiencies set forth in the MOSC. In his Response, Plaintiff claims that Defendant Fay did not speak to Plaintiff or ask Plaintiff to remove anything from his window the night of the incident. (Doc. 11.) These facts relate to the events occurring prior to the alleged excessive force. Plaintiff does not address the excessive force claim or controvert the facts set forth in the *Martinez* Report regarding the incident. Plaintiff does not dispute that there were no tazers involved in the incident. Nor does he dispute that he had a disciplinary hearing where he admitted that he threatened Defendant Fay, was found guilty of threat to another person, and did not grieve or appeal the discipline imposed as a result of the

July 1, 2019 incident. Plaintiff fails to address the deficiencies in his excessive force claim as set forth in the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 7, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**